UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>JAMES ROBINSON,<br><br>                Defendant. | Case No. 4:24-cr-00267-DCN-3<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant James Robinson's Appeal of a Magistrate Detention Order (Dkt. 57) asking the Court to overrule United States Magistrate Judge Deborah K. Grasham's denial of pretrial release. Specifically, the Motion asks the Court to revoke or amend Judge Grasham's detention order (Dkt. 48) issued on December 5, 2024. The Government filed a response to the Motion (Dkt. 58), and the Defendant filed a reply (Dkt. 59) to that response. The Court held oral argument on January 17, 2025. For the reasons outlined below, the Court finds good cause to **DENY** the motion.

## II. BACKGROUND

Robinson is charged with one count of Conspiracy to Distribute and Possess with intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(A), 846. The Indictment alleges on or about September 1, 2024, through November 22, 2024, the Defendants, Jeffrey Pyle, James Robinson, and Kenneth Luce, conspired to distribute and possessed with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. On December 5, 2024, Robinson went before Magistrate Judge Debora K. Grasham for a detention hearing. At the conclusion of the hearing, Judge Grasham determined that Robinson was a risk to the safety of the community and no combination of conditions would assure the safety of the public. Robinson filed an appeal of that decision to the instant Court.

### III. LEGAL STANDARDS

Review of a magistrate judge's detention order is de novo. *United States v. Koenig*, 912 F.2d 1190, 1192–93 (9th Cir. 1990). The Court, however, "is not required to start over in every case[] and proceed as if the magistrate's decision and findings did not exist." *Id.* at 1193. Instead, the court should "review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.*

The Federal Rules of Evidence do not apply in pretrial detention proceedings. Fed. R. Evid. 1101(d)(3); 18 U.S.C. § 3142(f)(2)(B). Accordingly, both the government and the defense may present evidence by proffer or hearsay. *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986). Here, the defense proffered that Robinson's three sisters were in the courtroom, they would all testify that Robinson does not pose a danger to any person or anyone in the community if released, and they have not witnessed him be a violent person.

The Government relied on the proffer of facts provided in their response to Robinson's Motion (Dkt. 58).

The Bail Reform Act governs pretrial confinement and release. *See* 18 U.S.C. § 3142. The Act mandates a court release a defendant pending trial unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community ...." 18 U.S.C. § 3142(e)(1). Generally, the statutory presumption is first in favor of release on personal recognizance, or on "an unsecured appearance bond in an amount specified by the court." 18 U.S.C. § 3142(b); *see also United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). Some offenses, however, give rise to a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person and the safety of the community. *See* 18 U.S.C. § 3142(e)(3). Robinson has been charged with such an offense, which carries a statutory maximum penalty exceeding ten years. *See* 18 U.S.C. § 3142(e)(3)(C) (enumerating offenses under the Controlled Substance Act, 18 U.S.C. § 801, *et seq.*, for which a maximum term of imprisonment of ten years or more is prescribed).

If Robinson proffers evidence to rebut the above presumption, the burden shifts to the Government to prove the pretrial standard—that is, whether there is no condition or combination of conditions that will reasonably assure Robinson's appearance and the safety of the community. *See Hir*, 517 F.3d at 1086. "A finding that a defendant is a danger to any other person or the community must be supported by 'clear and convincing evidence.'" *Id.* (quoting 18 U.S.C. § 3142(f)(2)(B)). The presentation of evidence on motions for

MEMORANDUM DECISION AND ORDER - 3

detention is not limited to sworn testimony and formal exhibits, but the parties can "present information by proffer or otherwise." *See* 18 U.S.C. § 3142(f)(2) ("The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing."). *United States v. Frey*, 2024 WL 1241041, at *2 (D. Idaho Mar. 22, 2024).

## IV. DISCUSSION

### A. Rebuttable Presumption

Because Robinson has been charged with an offense that carries a rebuttable presumption in favor of pre-trial detention, the Court must first consider whether Robinson proffered evidence sufficient to rebut that presumption. To rebut this presumption, Robinson must produce evidence, but the presumption does not disappear; it remains as an evidentiary finding against release. *Hir*, 517 F.3d at 1081. In the Ninth Circuit, there is not an established standard to measure whether a defendant has rebutted the presumption in favor of detention. Many circuits that have considered the issue, however, agree that a defendant need only produce "some evidence" that he is not a flight risk or a danger to the community. *See United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991); *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991); *United States v. O'Brien*, 895 F.2d 810, 815 (1st Cir. 1990); *United States v. Diaz*, 777 F.2d 1236, 1238 (7th Cir. 1985); *United States v. Hurtado*, 779 F.2d 1467, 1470 n.4 (11th Cir. 1985); *see also United States v. Moore*, 607 F. Supp. 489, 499 (N.D. Cal. 1985). "Although the presumption shifts a burden of production to the defendant, the

burden of persuasion remains with the government." *Hir*, 517 F.3d at 1086; *Frey*, 2024 WL 1241041, at *2.

At the detention hearing before the Magistrate Judge, Robinson relied on live testimony from his wife, the pretrial services report (Dkts. 44, 45) and numerous letters in support to rebut the presumption in favor of detention (Dkt. 38). In his proffer to the Court, Robinson stated that he is 63 years old with a criminal history starting at the age of 19 years old and lasting until the age of 45 years old. The pretrial services report states that, while he is considered a danger to the safety of the community, there are conditions that can be imposed to mitigate those risks. Following that proffer, Judge Grasham determined that Robinson had met his burden of production, rebutted the presumption that applies to his case, and the burden had shifted to the Government.

A defendant need only produce some evidence to rebut the presumption of detention, and this burden is not "heavy." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). This Court finds, just as Magistrate Judge Grasham did, that Robinson produced enough evidence and testimony to rebut the presumption of detention.

**B. Conditions That Will Reasonably Assure Appearance and Community Safety**

As Robinson has rebutted the presumption in favor of detention, the burden of proof shifts to the Government to show there are no conditions that will reasonably assure Robinson's appearance and the safety of the community. As to the first, the Government must show by a preponderance of the evidence that the defendant poses a flight risk *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985); *United States v. Diaz-Hernandez*,

MEMORANDUM DECISION AND ORDER - 5

943 F.3d 1196, 1198 (9th Cir. 2019). For danger to the community, the government must prove by clear and convincing evidence that the defendant poses such a danger. *Rodriguez v. Robbins*, 804 F.3d 1060, 1077 (9th Cir. 2015) and *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). The risk of non-appearance seems to be a non-issue in this matter, as Judge Grasham ruled at the detention hearing that there are conditions that could be imposed to ensure that Robinson does not flee. The Government also conceded that there could be conditions imposed ensuring his appearance. The Court has no reason to disagree with Judge Grasham or the Government.

Reasonably ensuring the safety of the community is not as straightforward. The Government contends that there are no conditions that could be imposed to reduce the risk Robinson poses to the community. The Court must consider the factors set forth in 18 U.S.C. § 3142(g) to determine whether such conditions exist.

1. *The nature and circumstances of the offense charged.*

As discussed above, Robinson is charged with one count of conspiracy to distribute and possess with intent to distribute methamphetamine. This charge carries a mandatory minimum of 10 years and up to life imprisonment. The Government proffered that Robinson was essentially working with the co-defendants to bring in large quantities of methamphetamine from Mexico to Idaho. This information was brought to light by a confidential informant, several wiretaps, and observation by law enforcement. On or about November 21, 2024, Robinson was pulled over in Idaho in a white truck pulling an enclosed trailer. A search warrant was obtained and 19 pounds of methamphetamine were found in the enclosed trailer. Robinson contends that he was not aware of the drugs found

in the trailer, as he was not the one who packed the trailer. He also relies on statements made by co-defendant, Jeffrey Pyle, to investigators that Robinson was not involved in this conspiracy. Notwithstanding these statements, the nature and circumstances of the offense weigh in favor of detention, as such large-scale distribution poses serious dangers to the community.

2. *The weight of the evidence against the person.*

This case is relatively new. Discovery is still ongoing. However, both Judge Grasham and the grand jury found probable cause to issue both the Complaint and the Indictment in this case. According to the government's proffer, Robinson was stopped on at least two occasions. During the first stop, he was found to have $12,000 in cash. During the second stop, Robinson was with his co-defendant, and they were found with 19 pounds of methamphetamine in the enclosed trailer they were pulling. While the Court gives this factor the least amount of weight, it still weighs strongly in favor of detention.

3. *The history and characteristics of the person*

Robinson is 63 years old and has spent most of his life living in Yucca Valley, California. He has lived in his most recent residence for approximately 6 years with his wife and mother-in-law. Robinson has a strong support system from the Narcotics Anonymous community in Yucca Valley, as well as from his wife and three sisters who were present in the courtroom at his hearing before this Court. He has employment as a handy man as well as with WS Plumbing. Robinson's criminal history dates back to when he was 18, continued into his mid-40s, and consisted of mostly drug related offenses including the transport of drugs, parole violations, and at least one failure to appear. Now,

most of this history is dated, but the Court is most concerned with Robinson's history of transporting drugs and failure to comply with probation conditions imposed by the court. While the Court believes people can change, the history of failures to comply with court orders is still concerning and weighs in favor of detention.

4. *The nature and seriousness of the danger to any person or the community posed by the defendant's release*

This case involves large quantities of methamphetamine being brought into the community. From the evidence, Robinson does not seem to be in the throes of addiction, and imposing a condition of random testing, while important, would not serve as a deterrent. As well, it is the Court's understanding that pretrial services have search limitations during pretrial supervision. This limits probation's ability to monitor Robinson. While the Court could require location monitoring or an ankle monitor, Robinson is a handy man who often travels to various cities and such monitoring could prove quite difficult for probation in that it would be very difficult to set proper location boundaries and monitor his compliance.

The Court has reviewed these factors and concludes that they weigh in favor of detention.

### IV. CONCLUSION

After a de novo review, the Court comes to the same conclusion as Judge Grasham did; namely, there are no conditions of release that would reasonably assure the safety of the community. Accordingly, Robinson's Motion must be DENIED.

## V. ORDER

1. Robinson's Appeal of Magistrate's Detention Order (Dkt. 58) is DENIED, and this Court affirms Judge Grasham's Order of Detention.

DATED: February 12, 2025

_____
David C. Nye
Chief U.S. District Court Judge